1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAMES T. SENSENEY,                          CV F   04 6731 AWI SMS P

10                  Plaintiff,

11      v.                                     FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS ACTION (Doc. 1.)
12

13  DEUEL VOCATIONAL INSTITUTION,
     et. al.,

14                  Defendants.
                                        _____/
15

16       James T. Senseney  ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

18       Plaintiff filed the instant action on December 20, 2004, naming the Deuel Vocational

19  Institutional Warden, and Chief Medical Officer G.S. Dhaliwal as Defendants.

20  **A.  SCREENING REQUIREMENT**

21       The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

4  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

5  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6  complaint under this standard, the court must accept as true the allegations of the complaint in

7  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10  **B.  SUMMARY OF COMPLAINT**

11    Plaintiff alleges that on October 12, 2004, he arrived at Deul Vocational Institution

12  ("DVI") in Tracy, California, at which time it was noted that he was taking anti-depressants and

13  paranoia medication which he was to take until October 22, 2004.  Plaintiff states that he did not

14  receive his medication until November 12, 2004.  Plaintiff alleges that due to the "mistreatment"

15  of staff for not getting him his medication sooner, they "wilfully and reckless misconduct created

16  unwanted infliction of emotional distress."

17  **C.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18    Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

19  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

20  a prisoner confined in any jail, prison, or other correctional facility until such administrative

21  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)

22  exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435

23  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

24  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

25  administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

26  532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

27  not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at

28  524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney

1  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  McKinney, 311 F.3d at 1199-1201.

2       The California Department of Corrections has an administrative grievance system for

3  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

4  department's jurisdiction may appeal any departmental decision, action, condition, or policy

5  which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at

6  3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

7  second formal level, and third formal level, also known as the "Director's Level."  Cal. Code

8  Regs. tit 15, § 3084.5 (2004).

9       In this case, Plaintiff states that he did not file an administrative grievance because he was

10  unaware that there were remedies available to him.  In addition, Plaintiff states that since he has

11  now received his medication, exhaustion of remedies would be futile.

12       Plaintiff's contention that exhaustion would be futile does not constitute an exception to

13  the exhaustion requirement.  The U.S. Supreme Court has held that "[a]ll 'available' remedies

14  must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain,

15  speedy, and effective.'"  Porter v. Nussle, 435 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at

16  739 n.5).  Because is it clear from the face of plaintiff's complaint that he did not exhaust the

17  available administrative remedies prior to filing suit, this action must be dismissed.  42 U.S.C.

18  § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

19  nonexhaustion is a valid grounds for dismissal . . . .").

20  **D.  CONCLUSION AND RECOMMENDATION**

21       Based on the foregoing, the Court finds that Plaintiff has failed to exhaust his

22  administrative remedies prior to initiating suit.  42 U.S.C. § 1997e(a).   Accordingly, the Court

23  RECOMMENDS that this action be dismissed in its entirety.  Wyatt v. Terhune, 315 F.3d 1108,

24  1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal

25  . . . .").

26       It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

27  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

28  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

1   Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

2   of this Report and Recommendation, any party may file written objections with the Court and

3   serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

4   Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

5   within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.

6   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.

7         The parties are advised that failure to file objections within the specified time may waive

8   the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9   1991).

10   IT IS SO ORDERED.

11   **Dated:    April 10, 2006**                    **/s/ Sandra M. Snyder**

12   icido3                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28